# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA


**TROY J. MILLER (#108538)**                                    **CIVIL ACTION**

**VERSUS**

**GOV. BOBBY JINDAL, ET AL.**                              **NO. 13-0549-JJB-RLB**


## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 7, 2015.


_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

TROY J. MILLER (#108538)                                          CIVIL ACTION

VERSUS

GOV. BOBBY JINDAL, ET AL.                                  NO. 13-0549-JJB-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Governor Bobby Jindal, Attorney General Buddy Caldwell, Executive Director Pete Adams (of the Louisiana District Attorney's Association) and Executive Director Dana Kaplan (of the Juvenile Justice Project of Louisiana), complaining that the defendants have violated his constitutional rights by participating in the enaction of legislation in 2013 that allegedly conflicts with the United States Supreme Court decision in *Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455 (2012). In *Miller*, the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders."  In response to *Miller*, the Louisiana legislature enacted legislation in 2013 that provides that a juvenile defendant who has been convicted of first or second degree murder must still face a mandatory sentence of life imprisonment, but the sentence *may* provide – depending on the result of a pre-sentence hearing – for parole eligibility after the defendant has served at least thirty-five (35) years of the sentence.  The plaintiff complains that the referenced legislation was the result of a compromise among competing interests in Louisiana and that, as a result, the legislation fails to provide that the legislation operates retroactively for the benefit of juvenile inmates sentenced to mandatory life imprisonment under the prior statutory scheme – which provided for no parole eligibility –

thereby improperly "leaving the question of retroactivity to the state courts."

In his Complaint, as amended, the plaintiff alleges that he is serving a term of life imprisonment, without the benefit of probation, parole or suspension of sentence, imposed upon his conviction of first degree murder in connection with an incident occurring in 1983 in the Parish of Orleans, State of Louisiana. At the time of commission of the offense, he was seventeen (17) years of age. Based upon the law in effect at the time of conviction – in the absence of a sentence of death – he was subjected to a mandatory sentence of life imprisonment for the offense charged, without the benefit of probation, parole or suspension of sentence. In 2012, however, the United State Supreme Court determined, in *Miller v. Alabama, supra*, that the imposition of a mandatory life sentence for a juvenile offender ran afoul of the Eighth Amendment's prohibition against cruel and unusual punishment and that, to pass constitutional muster, a state's sentencing scheme must take into account the possibility of parole consideration because a juvenile offender, in light of his age at the time of the offense, might become rehabilitated over the course of time. Pursuant to the *Miller* decision, the Louisiana legislature in 2013 enacted La. Code Crim. P. art. 878.1 and amended La. R.S. 15:574 (relative to parole eligibility) to provide for the possibility of parole consideration – after 35 years – for juvenile offenders sentenced to mandatory life sentences, depending upon the result of a pre-sentence hearing. The plaintiff in this case challenges the constitutionality of the referenced legislation, seeking a declaration that the statute is unconstitutional because (1) it is not in accord with the ruling in *Miller v. Alabama, supra,* (2) it does not allow for "individualized sentencing discretion" because it allows only a choice between a life sentence without the possibility of parole and a life sentence with parole eligibility after 35 years, (3) it is not stated to be retroactive in application and/or is silent as to retroactivity, and (4) it does not provide a "meaningful opportunity for juvenile offenders to obtain freedom based upon maturity and rehabilitation." *See* Complaint, R. Doc. 1 at pp. 22-23. He further explicitly asserts

that he is not challenging his conviction or sentence in this case "but rather the constitutionality of [the referenced legislation] relating to (juvenile lifer's) parole eligibility." *See id.* at p. 5.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Applying the foregoing standard, the Court finds that the plaintiff's Complaint fails to state a claim cognizable in this Court. Initially, the Court finds that there is no basis for the claim asserted against either Pete Adams or Dana Kaplan. All that the plaintiff alleges as to these

defendants is that they are the executive directors of two professional legal associations who allegedly participated in the drafting or proposing of the legislation of which the plaintiff complains. Notwithstanding, this assertion does not state a claim of the violation of constitutional law. This Court has found no jurisprudence suggesting that the mere drafting or proposing of legislation, even if that legislation is ultimately enacted and later found to be unconstitutional, rises to the level of a constitutional violation. To the contrary, proposed legislation is of no legal effect until brought before a legislative body, which body is then tasked with debate relative to the proposed legislation, with amendment thereof if warranted, and with voting thereon in the legislative houses, after which the legislation, if approved, may or may not be vetoed or signed into law by the governor or become enacted by operation of law. Thus, the alleged conduct of defendants Pete Adams and Dana Kaplan is far too attenuated from the alleged harm sustained by the plaintiff in this case, and the Court finds that the plaintiff fails to state a cause of action against them. *See Omnipoint Communications Inc. v. Comi*, 233 F.Supp.3d 388, 395 (N.D. N.Y. Nov. 20, 2002) (rejecting a plaintiff's claim regarding the defendant's drafting of proposed legislation, concluding that the defendant consultant who assisted in drafting proposed legislation was not a state actor for purposes of 42 U.S.C. § 1983 and that, if the Court were to accept the plaintiff's position, "any private citizen that recommended proposed legislation or drafted proposed legislation that was subsequently declared unconstitutional would be subject to liability under section 1983"). *See also Abdullah v. Alabama Sentencing Commission*, 2009 WL 3063346, *4 (M.D. Ala. Sept. 22, 2009) (finding that the plaintiff failed to state a claim against the defendant state "Sentencing Commission" and its director because, even if the defendants were tasked with and "failed to draft legally sound legislation," the plaintiff lacked standing because the defendants did not have the "power to enact any of [their] recommendations into law" or "to correct or abrogate the legislation").

Turning to the plaintiff's claim asserted against the remaining defendants in this case,

Governor Bobby Jindal and Attorney General Buddy Caldwell, the Court finds that the plaintiff's

claims fare no better. Specifically, the Court finds that the plaintiff does not have standing to

attack the constitutionality of the referenced legislation because the legislation does not in fact

apply to him. In this regard, it is well-settled that "the irreducible constitutional minimum of

standing contains three elements. First the plaintiff must have suffered an 'injury in fact' – an

invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or

imminent, not conjectural or hypothetical. Second, there must be a causal connection between the

injury and the conduct complained of.... Third, it must be likely, as opposed to merely

speculative, that the injury will be redressed by a favorable decision." *United States v. Hays*, 515

U.S. 737, 742-43 (1995), *quoting Lujan v. Defenders of Wildlife*, 404 U.S. 555, 560-61 (1992).

It is important to note in the instant case that the plaintiff is not attacking either the

constitutionality of the statute under which he was sentenced or the sentence that was imposed

pursuant to that statute, which sentence he is now serving. Such claims would need to be asserted

in a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254. Rather, he is attacking the

constitutionality of the subsequently enacted statutes that establish a new sentencing scheme for

juvenile offenders convicted of homicide in Louisiana. And as to these statutes, the plaintiff

expresses two core complaints, first, that the statute does not provide for retroactive application to

him or to his sentence and, second, that even if the statute were to apply to him, it is

unconstitutional because it does not sufficiently provide for consideration of sentencing factors

appropriate to juvenile offenders in accordance with *Miller v. Alabama, supra*. Notwithstanding,

the Louisiana Supreme Court has explicitly concluded that the new sentencing statutes do not

apply retroactively to persons convicted prior to enactment of the referenced statutes. *See State v.*

*Tate*, 130 So.3d 829, 843-44 (La. 2013), *cert. denied*, __ U.S. __, 134 S.Ct. 2663 (2014). As such,

it appears clear that the referenced statutes have no application to the plaintiff, and he has

therefore suffered no harm in fact as a result of the enactment thereof, specifically because he has

not been and will not be subjected to the provisions thereof.  Accordingly, the plaintiff lacks

standing to attack the constitutionality of the referenced statutes, and this action should be

dismissed.

In reaching its decision in this case, the Court is mindful that the United States Supreme

Court has accepted *certiorari* in connection with a case that raises the question whether *Miller v.*

*Alabama, supra*, should be applied retroactively so as to require re-sentencing for offenders

sentenced to mandatory life imprisonment without the possibility for parole for offenses

committed when they were juveniles.  *See Montgomery v. Louisiana*, ___ U.S. ___, 135 S.Ct. 1546

(2015).  As such, the plaintiff may yet have an avenue for relief in the event that the Supreme

Court concludes that such sentences are not viable and that *Miller* should have retroactive

application.  In such event, however, the plaintiff should be mindful of the appropriate avenue for

relief.  In *Hill v. Snyder*, 2013 WL 364198 (E.D. Mich. Jan. 30, 2013), for example, several inmate

plaintiffs sought relief in connection with their criminal sentences under § 1983, similar to that

requested herein.  In that case, as here, the plaintiffs were careful to make clear that they were not

attacking their sentences in a habeas corpus proceeding but were, instead, seeking injunctive relief

and a declaration that the statutory sentencing scheme under which they were sentenced was

unconstitutional in reliance upon *Miller v. Alabama, supra*.  The Court pointed out in that case

that:

> The distinction [between § 1983 and § 2254] is important because Plaintiffs cannot attack
> their *sentences* under § 1983; rather, such relief must be obtained in state court or through
> habeas corpus.  Indeed, Plaintiffs were careful to circumscribe their request for relief,
> emphasizing that they were *not* attacking their sentences....  Plaintiffs suggest that they are
> entitled to re-sentencing.  This is not relief that this court can grant in this case.  Plaintiffs
> must seek such relief in state court or, if necessary, through a writ of habeas corpus.

*Hill v. Snyder, supra*, 2013 WL 364198, *2 (emphasis in original).  Accordingly, in the event that the United States Supreme Court concludes that the plaintiff's sentence is constitutionally infirm by reason of the retroactive application of *Miller v. Alabama, supra*, the appropriate avenue for relief would be through a habeas corpus proceeding after the exhaustion of state court remedies. Further, considering that the plaintiff's conviction was entered in the Civil District Court for the Parish of Orleans, State of Louisiana, the most convenient venue for such a proceeding would be in the Eastern District of Louisiana, where the witnesses and evidence pertinent to the plaintiff's claims would more likely be easily located and produced.

## RECOMMENDATION

It is recommended that this action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on May 7, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

1.  Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."